Nathan D. Borris, Esq.
SBN 266090
21550 Foothill Blvd
Hayward, CA 94541
(510) 581-7113
(510) 582-6729 Fax
nateborris@gmail.com

UNITED STATES BANKRUPTCY COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

|  |  |
|---|---|
| In Re:<br><br>BRENDA SUE MONTGOMERY,<br><br>Debtor | Case No.: 11-72382<br>Chapter 13<br><br>**MOTION TO IMPOSE THE AUTOMATIC STAY; AFFIDAVIT OF DEBTORS IN SUPPORT THEREOF** |

The debtor(s) respectfully request(s) that this Court impose the automatic stay, pursuant to 11 U.S.C. §362(c)(4), and in support thereof state(s):

1. The debtor filed this bankruptcy petition on (date).
2. The debtor previously filed bankruptcy, case number 11-40440, under Chapter 13 on 01/14/2011 and that case was dismissed on 10/17/2011. Debtor had also filed a bankruptcy on August 17, 2010, which was dismissed within the previous one-year period, as case number 10-49381.
3. The debtor had no other pending bankruptcy cases in the preceding one-year period.

1

4. The debtor did not have any prior case(s) dismissed in the past year for any of the following reasons:
    a. (failure to file or amend other required documents without substantial excuse),
    b. (failure to provide adequate protection as ordered by the Court), or
    c. (failure to perform the terms of a plan confirmed by the Court).
5. There has been a substantial change in the financial or personal affairs of the debtor(s) since the dismissal of the last case, and the debtor(s) believe(s) that this case will:
    a. Result in a confirmed plan that will be fully performed;
    b. See the attached affidavit for further changes.
6. There is currently no automatic stay in this proceeding.

WHEREFORE, the debtor prays that this Court grant the Motion to Impose the Automatic Stay as to Wachovia/Wells Fargo Bank, N.A., after notice and opportunity to be heard, and for all other proper relief. Alternatively, debtor prays that this Court grant the motion to the extent that the stay is imposed temporarily so as to allow requisite notice to Wachovia/Wells Fargo Bank, N.A. regarding a non-ex-parte motion to impose the automatic stay.

DATED: November 29, 2011

*/s/ NATHAN D. BORRIS, ESQ.*
Attorney for Debtor

# AFFIDAVIT IN SUPPORT OF MOTION TO IMPOSE THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(c)(4)

The debtor(s), in support of the Ex Parte Motion to Impose the Automatic Stay, state as follows:

1. I filed this bankruptcy on November 23, 2011.
2. I previously filed bankruptcy, case number 11-40440 on January 14, 2011, and that case was dismissed on October 17, 2011. A prior case was filed on August 17, 2010 as case number 10-49381 and was dismissed in January 2011.
3. I have had no other pending bankruptcy cases in the preceding one-year period.
4. I have not had any prior case(s) dismissed in the past year for any of the following reasons:
   a. (failure to file or amend other required documents without substantial excuse),
   b. (failure to provide adequate protection as ordered by the Court), or
   c. (failure to perform the terms of a plan confirmed by the Court).
5. The purpose of the current chapter 13 filing is to stop a foreclosure sale and work out a payment plan on the mortgage arrears, or to leverage a modification. I will propose a chapter 13 plan indicating full payoff of the mortgage arrears in the event a modification is denied, or surrender the property.
6. I was laid off from Sun Microsystems in August 2009, and only recently obtained a new job at Ohlone College. By virtue of being unemployed for such a long period of time, my mortgage fell deep into arrears.
7. In November 2010, I began working with a third-party attorney on a loan modification. By January 2011, and despite our efforts to effect the

modification, the lender set the property for a trustee's sale on January 18, 2011.

8. Due to the notice of the foreclosure sale, and in an effort to save the house, I had no choice but to file the first chapter 13 bankruptcy (case number 11-40440) in pro per. Having been out of work, I could not afford an attorney to represent me in the initial bankruptcy.

9. Upon attending the 341 meeting of creditors, I realized that I was personally incapable of understanding the process and what I had to do. As a result, the case was dismissed.

10. A prior bankruptcy case was filed on August 17, 2010 as case number 10-49381, prior to the twelve months preceding the current case, though was dismissed in January 2011.

11. On September 22, 2011 I was prequalified for a loan modification; the only outstanding issue was for the lender to verify my income. Despite the progress made in the loan modification, the lender has nonetheless proceeded with setting the property for a trustee's sale.

12. I am ineligible to receive a discharge due to a prior discharge within the past six years, and am only seeking the chapter 13 to save my home, either through modification, chapter 13 plan proposing full payment of arrears, or both.

13. Wachovia/Wells Fargo Bank, N.A. will not be prejudiced by extending the automatic stay for a short time, as they have the assurance of their collateral which would see no appreciable depreciation in the short-term, *and* they are close to finalizing the loan modification, which implies the Debtor will continue to make payments on the property.

14. The urgency for this ex parte motion comes from the fact that Wachovia/Wells Fargo Bank, N.A. is moments away from proceeding with the sale. A sale was set for November 28, 2011, but has been postponed, but only for a couple of days.

I affirm under the penalty of perjury that the foregoing information and belief is true and correct to the best of my knowledge.

DATED: November 28, 2011          /s/ BRENDA MONTGOMERY
                                           *Debtor*